USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/09/2020

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**Michael J. Lee, et al.,**

**Plaintiffs,**

-against-

**Department of Corrections, et al.,**

**Defendants.**

---

**1:20-cv-08407 (GBD) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Michael J. Lee, who is currently detained at the Vernon C. Bain Center ("VCBC"), filed this *pro se* Complaint alleging that jail officials are not providing him and other detainees with the means to protect themselves from contracting COVID-19. (Compl., ECF No. 2.) They are asking that officials improve the conditions and consider releasing them. The Complaint lists the names of 49 other VCBC detainees, many of whom also signed the Complaint. Only Lee submitted a request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, and a prisoner authorization.

For the reasons set forth below, the claims of all the VCBC detainees whose names appear in the Complaint are severed under Federal Rule of Civil Procedure 21.

**DISCUSSION**

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g., Kalie v. Bank of Am. Corp.*, No. 12-CV-09192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine

'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (considering motion to sever under Fed. R. Civ. P. 20 and 21); *see also Laureano v. Goord*, No. 06-CV-07845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (When considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003)).

While there are similarities among their claims, each Plaintiff has his own underlying health conditions, his own complaints regarding his detention, and his own unique circumstances under which he might seek release. It is therefore not clear that their claims arise out of the same occurrences or that questions of law or fact in common to all of them will arise. *See* Fed. R. Civ. P. 20.

Even if Plaintiffs in this action were properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the plaintiffs' claims in one action. As *pro se* litigants, Plaintiff may appear only on their own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed by every party personally who is unrepresented. During this action, each plaintiff would therefore be required to sign any motion or notice filed. But because of the transitory nature of a pretrial detention facility such as Rikers Island, where an inmate could be released or transferred at any time, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-

03779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical issues, the Court concludes that allowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs and would not achieve judicial economy. Allowing each Plaintiff to proceed separately on the other hand, would facilitate the fair and efficient disposition of the litigation.

The Court will therefore sever this action into individual cases. Michael J. Lee will proceed as the sole plaintiff in this action. The other 49 Plaintiffs — Sonny Squire #4102000039; Jonathan Martinez #3492001577; Curtis Clark #1412002253; Christopher DeJesus #1412002246; Dewayne Boone #4412001752; Frank Pagan #3492001603; Jonathan Stevens #1412002119; Paul Reed #1412001725; Josiah Pringle #1412001750; Carlos Bradley #3102000187; Hopeton Prendergast #4411905343; Willie Smith #8951900921; Raymond Salgado #1412001188; Timothy Ward #2412001588; Andre Fonseca #1412002023; Walter Ware #4411803480; Shamar Calloway #4412001754; Keemal Cross #1411710237; Deryck Brown #2411800501; Hakiem Barrow # 8252000054; Devorn Parker #9002000003; Theodore Tucker #3492001370; James Jackson #1411904748; Ricardo Gilcabrera #141200522; Emmanuel Rosario #3492001164; Manuel Velasquez #3482001339; Willet Davidson #3491905326; Darius Batts #3491904664; James Clark #1411709283; Cyril Sheppard #3492002011; Michael Miata #4412000457; Andre Boyd #4411901712; Carl Henley #2411800815; Johnny Blanding #3491907402; Justin Manail #441807062; Noel Fernandez #4411904753; Luis Molina #3001900157; Lester Pearson

4

#3002000233; Gill Graves #3002000211; Timothy Linares #5412000200; Frank Crawley #2412001232; Matthew Karelefsky #1411903366; Rampersaud Persaud #4411904165; Christopher Johnson #3492002320; Morris Tate #2412001025; Eon Struthers #5102000007; Jonathan Weaver #1412001833; Edward Branch #3002000027; and Orlando Plummer #4412001257 — will each be assigned a new case number.

A copy of the Complaint and this Order will be docketed in each new case. The new cases will proceed independently from this point on, and Plaintiffs will not be regarded as co-plaintiffs, except upon further order of the Court.[1] Once the new cases are opened, the Court will direct the other individuals to submit signed IFP applications, and prisoner authorizations. Any individual who did not sign the Complaint will also be required to submit a declaration of his intent to proceed as a plaintiff in his own case.

## CONCLUSION

The Court severs the claims of all Plaintiffs under Federal Rule of Civil Procedure 21. Michael J. Lee will proceed as the sole plaintiff in this action.

The Clerk of Court is directed to open separate civil actions with new docket numbers for the following plaintiffs: Sonny Squire #4102000039; Jonathan Martinez #3492001577; Curtis Clark #1412002253; Christopher DeJesus #1412002246; Dewayne Boone #4412001752; Frank Pagan #3492001603; Jonathan Stevens #1412002119; Paul Reed #1412001725; Josiah Pringle #1412001750; Carlos Bradley #3102000187; Hopeton Prendergast #4411905343; Willie Smith #8951900921; Raymond Salgado #1412001188; Timothy Ward #2412001588; Andre Fonseca

---

[1] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

#1412002023; Walter Ware #4411803480; Shamar Calloway #4412001754; Keemal Cross #1411710237; Deryck Brown #2411800501; Hakiem Barrow # 8252000054; Devorn Parker #9002000003; Theodore Tucker #3492001370; James Jackson #1411904748; Ricardo Gilcabrera #141200522; Emmanuel Rosario #3492001164; Manuel Velasquez #3482001339; Willet Davidson #3491905326; Darius Batts #3491904664; James Clark #1411709283; Cyril Sheppard #3492002011; Michael Miata #4412000457; Andre Boyd #4411901712; Carl Henley #2411800815; Johnny Blanding #3491907402; Justin Manail #441807062; Noel Fernandez #4411904753; Luis Molina #3001900157; Lester Pearson #3002000233; Gill Graves #3002000211; Timothy Linares #5412000200; Frank Crawley #2412001232; Matthew Karelefsky #1411903366; Rampersaud Persaud #4411904165; Christopher Johnson #3492002320; Morris Tate #2412001025; Eon Struthers #5102000007; Jonathan Weaver #1412001833; Edward Branch #3002000027; and Orlando Plummer #4412001257. A copy of the Complaint (ECF No. 2) and this Order should be docketed in each new case.

The Clerk of Court is directed to mail a copy of this Order to all the plaintiffs at the following address: Vernon C. Bain Center, 1 Halleck Street, Bronx, New York, 10474, and note service on the docket.

**SO ORDERED.**

DATED:     New York, New York
           November 9, 2020

_____
STEWART D. AARON
United States Magistrate Judge

6